UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22578-JEM/Becerra

JEAN COTY RIDORE,

    Plaintiff,

v.

SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, *et al.*,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

There are several motions at issue in this case. First, on April 28, 2022, Plaintiff Jean Coty Ridore ("Plaintiff") filed Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [14]. On the same day, Plaintiff also filed a Motion for Appointment of Counsel. ECF No. [15]. Finally, on May 24, 2022, Plaintiff filed a Motion for Court to Serve Summonses on Defendants. ECF No. [18]. Because Defendant seeks to proceed *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e). For the reasons explained below, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED WITH PREJUDICE** and that all pending motions be **DENIED AS MOOT**.

    **I.    BACKGROUND**

On July 20, 2021, Plaintiff filed a Complaint under 42 U.S.C § 1983. ECF No. [1]. Defendant purports to file suit against the School Board of Miami-Dade County, Superintendent Alberto Carvalho, School Board Attorney Luis Garcia, School Board Member Perla Tabares

---

[1] This case was referred to the undersigned for all pretrial proceedings by the Honorable Jose E. Martinez, United States District Judge. ECF No. [6].

1

Hantman, School Board Member Martin Karp, and Administrative Director Jimmie Brown. *Id.* at 1–2. Plaintiff alleges that between April 1997 and October 2015, he was employed by Miami-Dade County Public Schools to work in low-income neighborhoods as "[a] special education teacher, guidance counselor, assistan[t] principal, vice principal, and Adult Education principal." *Id.* at 2. Plaintiff states that he resigned in October 2015 because he was promised that "he would receive his sick and vacation pay if he voluntarily resigned." *Id.* Plaintiff alleges, however, that the School Board has refused to pay. *Id.* As a result, Plaintiff claims that the School Board Administration has violated "his constitutional rights, and labor 1aw by refusing to honor employment contract(s) and agreements, by committing fraud, coercion and due process of labor and U.S. Constitution Amendment violations, work servitude without pay as a contract agreement entails." *Id.*

Along with the Complaint, Plaintiff submitted a plea agreement associated with case number F15-20650 pending in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at 6. The plea agreement provides that Plaintiff would plead guilty to one count of unlawful compensation in violation of Florida Statute 836.016, one count of official misconduct in violation of Florida Statute 838.022, and one count of grand theft in violation of Florida Statute 812.014. *See id*. As a condition of the plea, Defendant would have been required to "waive and relinquish any entitlement or claim to accumulated sick pay in the amount of $59,380.75 and vacation pay in the amount of $22,543.59." *Id.* at 8. It appears, however, that the plea agreement was never executed. *Id.* at 2 ("The School Board and the State Attorney Office admitted holding the Plaintiff['s] sick and vacation pay in the proposed plea agreement which was rejected."). Thus, Plaintiff proceeded to trial and was ultimately convicted on all counts. *See* Verdict, *Florida v. Ridore*, No. F15-20650 (Fla. 11th Cir. Ct. Sep. 28, 2018), ECF No. [280].

II. ANALYSIS

Section 1915 accords litigants "meaningful access to the federal courts" notwithstanding their ability to pay the required filing fee. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee). Specifically, Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs. *Id.* If deemed indigent for the purposes of proceeding in the lawsuit, the litigant's filing fees are waived. *Id.* However, Congress recognized that these litigants now "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent these potential abuses, Section 1915(e) provides that the court must dismiss such a case if it determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Under the Federal Rules of Civil Procedure, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), the pleading does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "formulaic recitation of the elements" supported by mere conclusory statements or "naked assertion[s]" are insufficient. *Id.* at 678. In determining whether a complaint fails to state a claim upon which relief may be granted, the court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), taking the factual allegations in the Complaint as true and construing

them in the light most favorable to the plaintiff. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). Despite affording a pro se complaint the most liberal reading, the court must dismiss a complaint if it finds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Here, the Complaint fails to state a claim upon which relief may be granted. It appears that Plaintiff was the subject of a state criminal prosecution regarding allegations of bribery, embezzlement, and fraud while he was employed by the Miami-Dade County. At some point in the state proceedings, plea discussions ensued that included discussions regarding Plaintiff's waiver of any claim to sick pay and vacation pay he may have accrued during his period of employment. Plaintiff has now taken the position that he is entitled to all accumulated sick pay and vacation pay because the plea agreement containing such provision was never consummated. However, the School Board's failure to pay Plaintiff any accumulated sick and vacation pay does not constitute a violation of a federal right cognizable under Section 1983. *See Hayes v. Sec'y, Florida Dep't of Children & Families*, 563 F. App'x 701, 702–03 (11th Cir. 2014) ("To prevail on a § 1983 claim, a plaintiff must show that: (1) the defendant deprived him of a right secured by the Constitution or federal law; and (2) the deprivation occurred under color of state law."). Plaintiff's claim is, at best, a state law breach of contract claim or an unpaid wages claim. *See Johnson v. Miami-Dade Cnty.*, No. 16-21658-CIV, 2017 WL 1536054, at *2 (S.D. Fla. Mar. 30, 2017) ("Under Florida law, a claim for unpaid wages is essentially a breach of contract claim."). As such, Plaintiff's Complaint should be dismissed because it fails to state a § 1983 claim upon which relief can be granted.

## II. RECOMMENDATION

As set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITH PREJUDICE** and that the Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [14], the Motion for Appointment of Counsel, ECF No. [15], and the Motion for Court to Serve Summonses on Defendants, ECF No. [18], be **DENIED AS MOOT**.

## III. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in chambers at Miami, Florida on July 18, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**